July 15, 2004

David D. Dowd, Jr.
Judge

RECEIVED

2004 JUL 2. A.

FINANCI (330) 375-5834
DISCLOS (330) 375-5628

Judge Mary M. Lisi
Chair, Committee on Financial Disclosure
One Columbus Circle, N.E.
Washington, DC 20544

Dear Judge,

I acknowledge your letter of July 7, 2004 regarding my financial disclosure report for the year 2003. In your letter, you bring a series of mistakes and omissions to my attention and requesting "additional information."

The sixth paragraph of your letter indicates that I may respond by letter providing the required information or by submitting an amended report, whichever is more convenient. I find it more convenient to respond by letter. My responses follow:

The second paragraph of your letter states:

In Part VII, page 1, lines 13 and 14, you listed "Goodyear" and "First Merit" under your IRA and on page 4, lines 64, 66, and 68, you listed "Two $10,000 OH St Water Development Authority Revenue Bonds paying 4.625% due 12/17," "One $10,000 Akron OH Income Tax Revenue Bond paying 4.5% due 12/1/28," and "Two $10,000 Toledo OH City School District Bonds paying 4.625% due 12/1/32," which were not in your 2002 report. If these assets were owned in 2002 and exempt from disclosure because their income and value were below the reporting thresholds, a parenthetical "(X)" should be inserted alongside the asset names as instructed in the heading to Column A. The notation "(X)" may also be used to account for an asset acquired through an exempt transaction, such as an inheritance or a gift from a family member. In the event that these assets were purchased in 2003, the information required in Column D should be provided. You may want to refer to pages 39 and 51-54 of the filing instructions.

As to the "First Merit" and "Goodyear" stock, please note that I disclosed in my report for the year 2002 on line 2 the fact that I own in my IRA both First Merit and Goodyear stock. However, I failed to list the stock separately in terms of value as I did in my 2003 report on lines 13 and 14. I have accumulated First Merit stock on a periodic basis in my IRA since 1994 as set forth in Appendix One attached hereto which indicates that I held ████ shares at the end of 2003 valued at $31,312.00.

At the end of 2003, I held 100 shares of "Goodyear" stock in my IRA with a value of $786.00 as also shown on Appendix One. That stock in my IRA was acquired on October 12, 2000 at a cost of $1,674.00.

The municipal bonds listed on lines 64, 66 and 68 are held by

The two $10,000 OH ST Water Development Authority Revenue Bonds were purchased on December 1, 2003 at a total cost of $20,157.00.

The one $10,000 Akron Ohio Income Tax Revenue Bond was purchased on December 19, 2003 at a total cost of $10,136.00.

The two $10,000 Toledo Ohio City School District Bonds were purchased on December 15, 2003 at a total cost of $20,271.00.

As I understand, all of the above bonds were initial issue bonds and bought by  through the services of Merrill Lynch.

The third paragraph of your letter states.

> In Part VII, page 1, lines 15 and 16, page 2, line 24, and page 4, lines 59 and 60, you listed the sale or other disposition of "ML Internet Strategies merged into ML Global Tech Fd Cl D," "ML Fundamental Growth B," "ATT," "Four unit apartment in Massillon, Ohio," and "ML Global Tech Fd Cl D" in Column D(1). In addition, you completed Column C. If an asset is entirely disposed of during the reporting period, Column C, which represents the value of the asset on the last day of the reporting period, should be left blank and the value of the asset at time of disposition entered in Column D(3) for each asset. If an asset is "partially" disposed of, then Column C should be completed, as you have done; however, the word "partial" should be included in the description in Column D(1) for each asset. You may want to refer to pages 51-54 of the filing instructions.

As to ML Internet Strategies, listed at line 15, and ML Fundamental Growth B, listed at line 16, the securities were sold in their entirety. I apologize for completing Column C as to those securities.

As to ATT listed at line 24, the security was sold in its entirety. I apologize for completing Column C as to that security.

Your reference to lines 59 and 60 is confusing. On my copy line 59 refers to Shady Hollow Country Club and line 60 refers to the Wilderness Country Club.

However, you also mentioned the four-unit apartment at Massillon, Ohio which is listed at line 57. The apartment was sold as indicated on June 5, 2003. The apartment was sold in its entirety; thus, as you indicate, I should have not completed Column C.

The fourth paragraph of your letter states:

> In Part VII, page 4, lines 59 and 60, you listed income amount code "A" in Column B(1) and "NONE" in Column B(2) for "Shady Hollow Country Club" and "Wilderness Country Club." If no income was received, Column B(1) under "Amount" should be left blank and the word "NONE" should appear in Column B(2) under "Type," as you have done. Otherwise, if the entry of income amount code "A" in Column B(1) is correct, you should enter the appropriate income type in Column B(2) in accordance with pages 45 and 46 of the Instructions.

Please be advised that no income was received from either the "Shady Hollow Country Club" or "the Wilderness Country Club." Thus, the use of the letter "A" in Column B1 was in error as I now understand. In my defense, I reported in lines 63 and 64 in my report for the year 2002 the identical information and that report was not challenged or questioned.

The fifth paragraph of your letter states:

> In Part VII, page 4, line 58, Column C(2), value method code "T" used for "Two-Bedroom Condo - Naples, FL" appears to be incorrect, as this refers to the cash or market value of an asset and is appropriate only for assets such as deposit accounts or publicly traded securities. It appears from the description of this asset (real property) that either value method code "Q," "R," "S," "V," or "W" would more accurately indicate the basis for the value. Please amend your report accordingly. You may want to refer to pages 48-50 of the filing instructions.

Again, I would point out that I made the identical reference in my 2002 report at line 71. Having said that, I substitute the letter "W" in Column C(2) for the mistaken use of the letter "T."

I trust this letter, forwarded in three copies as directed, responds completely to the deficiencies listed in your letter of July 7, 2004.

Yours very truly,

David D. Dowd, Jr.
U.S. District Judge

DDD:flm
Enclosures



## Current Portfolio

| Quantity | Security Description | Symbol | Sector | Date Acquired | Adjust/Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain or (Loss) | Estimated Annual Income | Cu Y |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 158 | FIRSTMERIT CORP | FMER | (G) | 05/19/94 | 12.82 | 2,026 | 27.11 | 4,283 | 2,256 | 164 | 3.1 |
| 2 | FIRSTMERIT CORP | | | 09/13/94 | 13.25 | 26 | 27.11 | 54 | 27 | 2 | 3.1 |
| 2 | FIRSTMERIT CORP | | | 12/13/94 | 10.83 | 21 | 27.11 | 54 | 32 | 2 | 3.1 |
| 2 | FIRSTMERIT CORP | | | 09/12/95 | 10.94 | 21 | 27.11 | 54 | 32 | 2 | 3.1 |
| 800 | FIRSTMERIT CORP | | | 10/17/95 | 13.42 | 10,743 | 27.11 | 21,688 | 10,944 | 832 | 3.1 |
| 10 | FIRSTMERIT CORP | | | 12/12/95 | 13.18 | 131 | 27.11 | 271 | 139 | 10 | 3.1 |
| 8 | FIRSTMERIT CORP | | | 03/12/96 | 15.12 | 121 | 27.11 | 216 | 95 | 8 | 3.1 |
| 8 | FIRSTMERIT CORP | | | 06/11/96 | 15.50 | 124 | 27.11 | 216 | 92 | 8 | 3.1 |
| 10 | FIRSTMERIT CORP | | | 09/17/96 | 15.62 | 156 | 27.11 | 271 | 114 | 10 | 3.1 |
| 8 | FIRSTMERIT CORP | | | 12/17/96 | 17.25 | 138 | 27.11 | 216 | 78 | 8 | 3.1 |
| 6 | FIRSTMERIT CORP | | | 03/18/97 | 21.12 | 126 | 27.11 | 162 | 35 | 6 | 3.8 |
| 6 | FIRSTMERIT CORP | | | 06/17/97 | 24.25 | 145 | 27.11 | 162 | 17 | 6 | 3.8 |
| 8 | FIRSTMERIT CORP | | | 09/16/97 | 25.00 | 200 | 27.11 | 216 | 16 | 8 | 3.8 |
| 4 | FIRSTMERIT CORP | | | N/A | N/A | N/A | 27.11 | 108 | N/A | 4 | 3.8 |
| 6 | FIRSTMERIT CORP | | | 12/16/97 | 29.75 | 178 | 27.11 | 162 | (15) | 6 | 3.8 |
| 5 | FIRSTMERIT CORP | | | 03/17/98 | 33.00 | 165 | 27.11 | 135 | (29) | 5 | 3.8 |
| 8 | FIRSTMERIT CORP | | | N/A | N/A | N/A | 27.11 | 216 | N/A | 8 | 3.8 |
| 5 | FIRSTMERIT CORP | | | 06/16/98 | 29.00 | 145 | 27.11 | 135 | (9) | 5 | 3.8 |
| 25 | FIRSTMERIT CORP | | | 09/08/98 | 25.15 | 628 | 27.11 | 677 | 48 | 26 | 3.1 |
| 7 | FIRSTMERIT CORP | | | 09/22/98 | 24.43 | 171 | 27.11 | 189 | 18 | 7 | 3.1 |
| 8 | FIRSTMERIT CORP | | | 12/22/98 | 26.68 | 213 | 27.11 | 216 | 3 | 8 | 3.1 |
| 7 | FIRSTMERIT CORP | | | 03/16/99 | 27.81 | 194 | 27.11 | 189 | (4) | 7 | 3.8 |

+ FBO DAVID D DOWD JR

 

## Equities

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | FIRSTMERIT CORP | | | 06/22/99 | 28.11 | 196 | 27.11 | 189 | (7) | 7 | 3.8 |
| 9 | FIRSTMERIT CORP | | | 09/21/99 | 25.12 | 226 | 27.11 | 243 | 17 | 9 | 3.8 |
| 9 | FIRSTMERIT CORP | | | 12/21/99 | 23.50 | 211 | 27.11 | 243 | 32 | 9 | 3.8 |
| 14 | FIRSTMERIT CORP | | | 03/21/00 | 16.37 | 229 | 27.11 | 379 | 150 | 14 | 3.8 |
| 13 | FIRSTMERIT CORP | | | 06/20/00 | 19.12 | 248 | 27.11 | 352 | 103 | 13 | 3.8 |
| 1,155 | Security Sub-Total | | | | | 16,792 | | 31,312 | 14,184 | 1,201 | 3.8 |
| 100 | ** GOODYEAR TIRE RUBBER | GT | (D) | 10/12/00 | 16.74 | 1,674 | 7.86 | 786 | (888) | | |

Appendix One
Page 1 of 1

| AO-10 Rev. 1/2004 | FINANCIAL DISCLOSURE REPORT Calendar Year 2003 | Report Required by the Ethics in Government Act of 1978 (5 U.S.C. app. §§ 101-111) |

| 1. Person Reporting (Last name, First name, Middle initial) DOWD, JR., DAVID D | 2. Court or Organization U.S. DISTRICT COURT, NDOH | 3. Date of Report 5/7/04 |
|---|---|---|
| 4. Title (Article III Judges indicate active or senior status; magistrate judges indicate full- or part-time) U.S. DISTRICT JUDGE - SENIOR | 5. ReportType (check appropriate type) ◯ Nomination, Date ◯ Initial ● Annual ◯ Final | 6. Reporting Period 1/1/03 to 12/31/03 |
| 7. Chambers or Office Address UNITED STATES COURTHOUSE 2 SOUTH MAIN STREET AKRON, OHIO 44308 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations. Reviewing Officer_____ Date_____ | |

**IMPORTANT NOTES:** The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.

## I. POSITIONS. (Reporting individual only; see pp. 9-13 of filing instructions)

☐ NONE - (No reportable positions.)

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. Member, Board of Trustees | National Football Museum, Inc., Canton, Ohio Non-Profit Corporation |
| 2. Lecturer | University of Akron Law School |

## II. AGREEMENTS. (Reporting individual only; see pp. 14-16 of filing instructions)

☑ NONE - (No reportable agreements.)

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |

RECEIVED May 12 12 48 PM '04 FINANCIAL DISCLOSURE OFFICE

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| | DOWD, JR., DAVID D | 5/7/04 |

## III. NON-INVESTMENT INCOME. (Reporting individual and spouse; see pp. 17-24 of filing instructions)

### A. Filer's Non-Investment Income

☐ NONE  - (No reportable non-investment income.)

| DATE | SOURCE AND TYPE | GROSS INCOME (yours, not spouse's) |
|---|---|---|
| 1. | Annuity - Public Retirement System of Ohio Annuity | 28,254.20 |

### B. Spouse's Non-Investment Income - (If you were married during any portion of the reporting year, please complete this section. (dollar amount not required except for honoraria)

☐ NONE  - (No reportable non-investment income.)

| DATE : | SOURCE AND TYPE |
|---|---|
| 1. | State Teacher's Retirement System (payable monthly) |

## IV. REIMBURSEMENTS  -- transportation, lodging, food, entertainment.

(Includes those to spouse and dependent children. See pp. 25-27 of instructions.)

☐ NONE   - (No such reportable reimbursements.)

| SOURCE | DESCRIPTION |
|---|---|
| 1. NFL Properties (See VIII) | Travel expenses, tickets for game, meals, lodging - 2003 NFL Super Bowl game in San Diego, CA |

## V. GIFTS.    (Includes those to spouse and dependent children. See pp. 28-31 of instructions.)

☑ **NONE**    - (No such reportable gifts.)

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |

## VI. LIABILITIES.    (Includes those of spouse and dependent children. See pp. 32-34 of instructions.)

☑ **NONE**    - (No reportable liabilities.)

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| DOWD, JR., DAVID D | 5/7/04 |

## VII. INVESTMENTS and TRUSTS — income, value, transactions (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g. div. rent. or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | (2) Date: Month-Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| ☐ NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| 1. At the end of 2003 I owned stock (IRA) in the following: | | | | | | | | | |
| 2. Texas Utilities, Exxon Corp., First Merit Corp., Goodyear | | | | | | | | | |
| 3. Tire and Rubber, Huntington Bank, Eli Lilly, Parker | | | | | | | | | |
| 4. Hannifan, Timken Company | | | | | | | | | |
| 5. During the year 2003 I reinvested dividends in the | | | | | | | | | |
| 6. Eli Lilly stock only. | | | | | | | | | |
| 7. TEXAS UTILITIES | A | Dividend | J | T | | | | | |
| 8. EXXON CORPORATION | A | Dividend | K | T | | | | | |
| 9. TIMKEN CO. | A | Dividend | K | T | | | | | |
| 10. ELI LILLY CO. | A | Dividend | J | T | | | | | |
| 11. PARKER HANNIFAN | A | Dividend | J | T | | | | | |
| 12. HUNTINGTON BANK | A | Dividend | J | T | | | | | |
| 13. GOODYEAR | A | Dividend | J | T | | | | | |
| 14. FIRST MERIT | A | Dividend | K | T | | | | | |
| 15. ML INTERNET STRATEGIES merged into ML GLOBAL TECH FD CL D. | A | Dividend | J | T | Sold | 10/16 | J | | |
| 16. ML Fundamental Growth B | A | Dividend | J | T | Sold | 10/16 | J | | |
| 17. Previously owned Notes: | | | | | | | | | |
| 18. ATT 6% Corporate Note $▬▬▬ | A | Interest | J | T | | | | | |

1. Income/Gain Codes: (See Columns B1 and D4)    A = $1,000 or less    B = $1,001-$2,500    C = $2,501-$5,000    D = $5,001-$15,000    E = $15,001-$50,000    F = $50,001-$100,000    G = $100,001-$1,000,000    H1 = $1,000,001-$5,000,000    H2 = More than $5,000,000

2. Value Codes: (See Columns C1 and D3)    J = $15,000 or less    K = $15,001-$50,000    L = $50,001-$100,000    M = $100,001-$250,000    N = $250,000-$500,000    O = $500,001-$1,000,000    P1 = $1,000,001-$5,000,000    P2 = $5,000,001-$25,000,000    P3 = $25,000,001-$50,000,000    P4 = $More than $50,000,000

3. Value Method Codes: (See Column C2)    Q = Appraisal    R = Cost (Real Estate Only)    S = Assessment    T = Cash/Market    U = Book Value    V = Other    W = Estimated

| Name of Person Reporting | Date of Report |
|---|---|
| DOWD, JR., DAVID D | 5/7/04 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g. div. rent. or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | (2) Date: Month-Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 19. ATT 6% Corporate Note $▮▮▮ | A | Interest | J | T | | | | | |
| 20. NM Corporate Note 5.9% | A | Interest | J | T | | | | | |
| 21. CD-First USA Bank of Wilmington, Delaware | C | Interest | K | T | | | | | |
| 22. The following securities are held in my name: | | | | | | | | | |
| 23. SBC COMMUNICATIONS | A | Dividend | J | T | | | | | |
| 24. ATT | A | Dividend | J | T | sold | 10/21 | J | A | |
| 25. COMCAST | A | Dividend | J | T | | | | | |
| 26. FIRST ENERGY CORP - FNA OHIO EDISON | A | Dividend | J | T | | | | | |
| 27. TIMKEN | A | Dividend | J | T | | | | | |
| 28. AGL RESOURCES | A | Dividend | J | T | | | | | |
| 29. FIRST MERIT | B | Dividend | K | T | | | | | |
| 30. AMERICAN ELEC. POWER | A | Dividend | J | T | | | | | |
| 31. MICROSOFT CORP. | A | Dividend | J | T | | | | | |
| 32. NATIONAL CITY CORP. | A | Dividend | J | T | | | | | |
| 33. PROGRESS ENERGY CORP. | A | Dividend | J | T | | | | | |
| 34. ▮▮▮ Delaware, OH City School Bond paying 5.2% due | A | Interest | J | T | | | | | |
| 35. 12/1/16. | | | | | | | | | |
| 36. ▮▮▮ Sugar Creek, Oh School Bond paying 5.15% due | A | Interest | J | T | | | | | |

| 1. Income/Gain Codes: | A = $1,000 or less | B = $1,001-$2,500 | C = $2,501-$5,000 | D = $5,001-$15,000 | E = $15,001-$50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F = $50,001-$100,000 | G = $100,001-$1,000,000 | H1 = $1,000,001-$5,000,000 | H2 = More than $5,000,000 | |
| 2. Value Codes: | J = $15,000 or less | K = $15,001-$50,000 | L = $50,001-$100,000 | M = $100,001-$250,000 | |
| (See Columns C1 and D3) | N = $250,000-$500,000 | O = $500,001-$1,000,000 | P1 = $1,000,001-$5,000,000 | P2 = $5,000,001-$25,000,000 | |
| | P3 = $25,000,001-$50,000,000 | | P4 = $More than $50,000,000 | | |
| 3. Value Method Codes: | Q = Appraisal | R = Cost (Real Estate Only) | S = Assessment | T = Cash/Market | |
| (See Column C2) | U = Book Value | V = Other | W = Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| DOWD, JR., DAVID D | 5/7/04 |

## VII. INVESTMENTS and TRUSTS — income, value, transcations (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g. div. rent. or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | (2) Date: Month - Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 37. 12/1/15. | | | | | | | | | |
| 38. ▮▮▮▮Ohio State Bldg. Authority Bond paying 5.5% due | A | Interest | J | T | | | | | |
| 39. 10/1/12. | | | | | | | | | |
| 40. ▮▮▮▮Sisters of Charity Health Care Bond paying 5.25% | A | Interest | J | T | | | | | |
| 41. due 5/15/11. | | | | | | | | | |
| 42. ▮▮▮▮Ohio State Dev. Auth. Bond 5.84% due 12/1/15. | A | Interest | J | T | | | | | |
| 43. ▮▮▮IRA: She owns stock in the following corporations: | | | | | | | | | |
| 44. Progress Energy, Exxon Corp., | | | | | | | | | |
| 45. First Merit Bank, Timken Co., ATT, ComCast, Goodyear Tire | | | | | | | | | |
| 46. Rubber and General Electric purchased in 2001 | | | | | | | | | |
| 47. PROGRESS ENERGY | A | Dividend | K | T | | | | | |
| 48. EXXON-MOBIL | A | Dividend | K | T | | | | | |
| 49. FIRST MERIT | A | Dividend | J | T | | | | | |
| 50. TIMKEN CO. | A | Dividend | J | T | | | | | |
| 51. GOODYEAR | A | Dividend | J | T | | | | | |
| 52. ATT | A | Dividend | J | T | | | | | |
| 53. COMCAST | A | Dividend | J | T | | | | | |
| 54. GENERAL ELECTRIC | A | Dividend | J | T | | | | | |

| 1. Income/Gain Codes: (See Columns B1 and D4) | A = $1,000 or less F = $50,001-$100,000 | B = $1,001-$2,500 G = $100,001-$1,000,000 | C = $2,501-$5,000 H1 = $1,000,001-$5,000,000 | D = $5,001-$15,000 H2 = More than $5,000,000 | E = $15,001-$50,000 |
|---|---|---|---|---|---|
| 2. Value Codes: (See Columns C1 and D3) | J = $15,000 or less N = $250,000-$500,000 P3 = $25,000,001-$50,000,000 | K = $15,001-$50,000 O = $500,001-$1,000,000 | L = $50,001-$100,000 P1 = $1,000,001-$5,000,000 P4 = $More than $50,000,000 | M = $100,001-$250,000 P2 = $5,000,001-$25,000,000 | |
| 3. Value Method Codes (See Column C2) | Q = Appraisal U = Book Value | R = Cost (Real Estate Only) V = Other | S = Assessment W = Estimated | T = Cash/Market | |

| Name of Person Reporting | Date of Report |
|---|---|
| DOWD, JR., DAVID D | 5/7/04 |

## VII. INVESTMENTS and TRUSTS — income, value, transactions (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g. div. rent. or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | (2) Date: Month-Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 55. BANKAMERICA Corp. note due 8/1/07. | A | Interest | J | T | | | | | |
| 56. Properties in the name of ███ | | | | | | | | | |
| 57. Four unit apartment in Massillon, Ohio rental income | D | Rent | L | W | sold | 6/5 | L | F | Walter & Ingrida Kropp |
| 58. Two-bedroom condo - Naples, FL - it was not rented | | | M | T | | | | | |
| 59. SHADY HOLLOW COUNTRY CLUB | A | None | J | T | | | | | |
| 60. WILDERNESS COUNTRY CLUB | A | None | K | T | | | | | |
| 61. Securities in the name of spouse | | | | | | | | | |
| 62. ML GLOBAL TECH FD CL D | A | Dividend | J | T | sold | 12/1 | J | A | |
| 63. AMERICAN ELECTRIC POWER | A | Dividend | J | T | | | | | |
| 64. ███ OH ST Water Development Authority Revenue | A | Interest | K | T | | | | | |
| 65. Bonds paying 4.625% due 12/1/27 | | | | | | | | | |
| 66. ███ Akron OH Income Tax Revenue Bond paying 4.5% | A | Interest | J | T | | | | | |
| 67. due 12/1/28 | | | | | | | | | |
| 68. ███ Toledo OH City School District Bonds paying | A | Interest | K | T | | | | | |
| 69. 4.625% due 12/1/32 | | | | | | | | | |

| 1. Income/Gain Codes: (See Columns B1 and D4) | A = $1,000 or less | B = $1,001-$2,500 | C = $2,501-$5,000 | D = $5,001-$15,000 | E = $15,001-$50,000 |
|---|---|---|---|---|---|
| | F = $50,001-$100,000 | G = $100,001-$1,000,000 | H1 = $1,000,001-$5,000,000 | H2 = More than $5,000,000 | |
| 2. Value Codes: (See Columns C1 and D3) | J = $15,000 or less | K = $15,001-$50,000 | L = $50,001-$100,000 | M = $100,001-$250,000 | |
| | N = $250,000-$500,000 | O = $500,001-$1,000,000 | P1 = $1,000,001-$5,000,000 | P2 = $5,000,001-$25,000,000 | |
| | P3 = $25,000,001-$50,000,000 | | P4 = $More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q = Appraisal | R = Cost (Real Estate Only) | S = Assessment | T = Cash/Market | |
| | U = Book Value | V = Other | W = Estimated | | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS     (Indicate part of Report.)

As indicated in Section I, I am a member of the board of a non-profit corporation, the National Football Museum, Inc., in Canton, OH, more commonly known as the Pro Football Hall of Fame. In the capacity as a board member and not in my capacity as a United States District Judge, I traveled to San Diego, California on January 23, 2003 and remained in San Diego until departure on January 27, 2003. The primary purpose of the trip was to preside over the selection of the new enshrinees for the Pro Football Hall of Fame in the summer of 2003. As a part of the trip, I attended the Super Bowl in San Diego on January 26, 2003. The expense of attending board members is underwritten by NFL Properties, a subsidiary of the National Professional League.

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| | DOWD, JR., DAVID D | 5/7/04 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature ▓▓▓▓▓▓▓▓▓▓ Date 5/7/2004

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544